**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION**

| | | |
|---|---|---|
| RICHARD JEROME HAMMONDS, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CASE NO. 4:09-CV-74-CDL-GMF |
| | * | 42 U.S.C. § 1983 |
| MARK SHELNUTT, *et al.*, | * | |
| | * | |
| Defendants. | * | |

**REPORT AND RECOMMENDATION**

On June 16, 2009, Plaintiff Richard Jerome Hammonds, presently an inmate at the Atlanta Federal Prison Camp, Atlanta, Georgia, filed the above styled Section 1983 action against the named defendants. (R-1). In his *pro se* complaint, Plaintiff alleges that, on December 7, 2000, the Metro Narcotic Task Force executed a search warrant at Plaintiff's home and seized personal property unrelated to the warrant valued by Plaintiff at approximately $300,000, including $11,400, in cash. *Id*. Plaintiff alleges that this conduct constituted an illegal search and seizure in violation of the Fourth Amendment and a deprivation of property without due process of law in violation of the Fourteenth Amendment. *Id*. Plaintiff states that after dismissal of the case pursuant to which the search warrant was executed, his property was never returned. *Id*. Plaintiff alleges that Defendants conspired to violate Plaintiff's Fourth Amendment rights and to steal Plaintiff's property in violation of Title 18 U.S.C. § 2073. *Id*. Plaintiff seeks return of his property plus interest, punitive damages, and any additional court costs. *Id*.

Preliminary Review

Pursuant to 28 U.S.C. § 1915A:

> (a) The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of a complaint, if the complaint —
> > (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

To state a viable § 1983 claim, a plaintiff must allege that: 1) he was deprived of a right, privilege, or immunity secured by the Federal Constitution or laws of the United States; and 2) the deprivation was caused by a person while acting under color of state law. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57, 98 S. Ct. 1729 (1978).

The Eleventh Circuit Court of Appeals has held that, "To dismiss a prisoner's complaint prior to service, it must appear beyond a doubt from the complaint itself that the prisoner can prove no set of facts which would avoid a statute of limitations bar." *Hughes v. Lott*, 350 F.3d 1157, 1163 (11th Cir. 2003) (citations and quotations omitted).

Discussion

Although 42 U.S.C. § 1983 does not contain a statute of limitations, the United States Court of Appeals for the Eleventh Circuit has held that "[a]ll constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury

actions in the state where the § 1983 action has been brought." *McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008) (citing *Wilson v. Garcia*, 471 U.S. 261, 275-76, 105 S. Ct. 1938, 1946-47 (1985)). This case was brought in Georgia and is governed by the two-year personal injury limitations period set forth by O.C.G.A. § 9-3-33. *Mullinax v. McElhenney*, 817 F.2d 711, 716 (11th Cir. 1987). Federal law governs when a Section 1983 action accrues, and the applicable limitations period begins to run when "**the facts** which would support a cause of action are apparent or should be apparent to a person with reasonably prudent regard for his rights." *Id.* (citations and quotations omitted) (emphasis added).

Here, Plaintiff alleges that the search and seizure giving rise to the acts in question took place on December 7, 2000. (R-1). Plaintiff has also submitted a judgment of forfeiture entered in the Superior Court of Muscogee County on December 28, 2001.[1] *Id.* At the latest, the statute of limitations in this case began to run at the time of entry of the judgment of forfeiture on December 28, 2001. At this time, Plaintiff knew of the facts which would support a cause of action, if any. Therefore, the statute of limitations ended, at the latest, on December 28, 2003. Plaintiff filed his complaint on June 16, 2009, over five years after the statute of limitations expired. Accordingly, Plaintiff's Complaint should be dismissed as time barred.

---

[1] The warrant appears to relate to charges of selling marijuana, possession of marijuana with intent to distribute, and possession of a firearm by a convicted felon. (R-1). Plaintiff's exhibit also includes a Dismissal of Warrant Without Prejudice dated February 22, 2001, in the Superior Court of Muscogee County, due to Plaintiff's indictment in federal court. *Id.*

Further, the liberal construction that is granted *pro se* litigants in filing their complaints does not mean that they are allowed lack of compliance with deadlines that are imposed by law. "Liberal construction does not mean liberal deadlines." *Wayne v. Jarvis*, 197 F.3d 1098, 1104 (11th Cir. 1999).

WHEREFORE, IT IS HEREBY RECOMMENDED that the current Complaint be DISMISSED as frivolous and for failing to state a claim upon which relief may be granted. Under 28 U.S.C. § 636(b)(1), Plaintiff may file objections to this Recommendation in writing with the UNITED STATES DISTRICT JUDGE within TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED, this 29th day of July, 2009.

                                        S/ G. MALLON FAIRCLOTH
                                        UNITED STATES MAGISTRATE JUDGE

lml